Alison M. Bernal (SBN 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE, MILLER & SWEET, LLP
33 West Mission Street, Suite 201
Santa Barbara, CA 93101

Joseph G. Sauder (*pro hac vice* forthcoming)
jgs@sstriallawyers.com
Joseph B. Kenney (*pro hac vice* forthcoming)
jbk@sstriallawyers.com
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312

*Attorneys for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA A.M., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendants. | Case No.: 4:25-cv-02197<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Trisha A.M. ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint against Defendant ProctorU, Inc. d/b/a Meazure Learning ("Defendant"). Plaintiff alleges the following based on (a) personal knowledge, (b) the investigation of counsel, and (c) information and belief.

/ / /

/ / /

1
**CLASS ACTION COMPLAINT**

## INTRODUCTION

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action against Defendant for its failure to properly administer the February 2025 California Bar Examination ("Bar Exam"), resulting in severe technical failures that deprived test-takers of a fair examination process.

2. As the Court is undoubtedly aware, the bar exam is a time of extreme stress, and success or failure often has a direct impact on test-takers' future employment opportunities. Moreover, students study for months, and spend substantial amounts of money with various bar prep test companies, in order to maximize their chances of passing the bar exam and finally becoming a licensed attorney.

3. Defendant contracted with the State Bar of California to provide remote proctoring software that all individuals that used a computer were required to download, install, and run during the bar exam, which it refers to as the "Meazure Learning platform" (hereafter, the "software"). For the privilege of using Defendant's software, Plaintiff and the putative class were required to pay a fee to Defendant.

4. The February 2025 bar exam, however, was a complete disaster, and Plaintiff and the Class experienced a slew of issues with Defendant's software that negatively impacted their ability to complete the bar exam, including: software crashes that took minutes or hours to resolve, server crashes, the inability to copy/paste material, typos within the bar exam questions caused by software glitches, software freezes, large queues that prevented the ability to get back into the software, software glitches with the identity verification and security checks, disconnections from the software with the inability to reconnect, and other serious software issues.

5. Defendant's failure to ensure the proper exam administration has caused substantial harm to Plaintiff and class members, including financial loss, emotional distress, and professional setbacks.

6. Plaintiff seeks damages, declaratory relief, and an injunction requiring Defendant to take corrective measures to prevent similar failures in future examinations.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because Plaintiff and some of the members of the proposed classes are citizens of a State different from that of the Defendant and, upon the original filing of this Complaint, members of the putative class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

8. The Court also has personal jurisdiction over the parties because Defendant conducts a major part of its national operations, advertising, and sales through continuous business activity in this District.

9. Venue is further appropriate pursuant to 28 U.S.C. §1391 because Defendant conducts business in this District, because it has specifically marketed, advertised, and contracted extensively in California. Venue is also proper in this Court because a substantial part of the events and actions giving rise to the harm suffered by Plaintiff and members of the proposed Class occurred in this District.

## PARTIES

**Plaintiff**

10. Plaintiff Trisha A.M. is a resident of California who sat for the February 2025 California Bar Exam.

11. Plaintiff faced significant technical and logistical difficulties throughout the exam process due to the defective software platform provided by Defendant, which substantially impaired her ability to complete the exam.

12. Prior to the exam, Plaintiff experienced technical difficulties in the registration process. The software platform failed to display any available testing locations within 50 miles of her residence, requiring her to travel 1.5 to 2 hours each way to the South San Francisco Convention Center to take the test. When Plaintiff attempted to resolve this issue, she was subjected to a cycle of misdirection between Defendant and the California Bar. Defendant's customer support repeatedly instructed Plaintiff to contact the California Bar for assistance,

while the California Bar referred her back to Defendant, where the California Bar finally advised her to input a mock zip code to be able to sign up for the exam, because Defendant was unable to offer another solution.

13.     On the day of the exam, Plaintiff encountered multiple software malfunctions that severely disrupted her ability to complete the test under fair and reasonable conditions. For example, the copy/paste function was inoperable, significantly delaying Plaintiff's ability to efficiently transfer and edit text within her responses. Defendant had prior knowledge of this defect, as the same issue was reported during the January 2025 mock exam, and Defendant assured test-takers that the problem would be resolved before the actual exam date. Despite these assurances, the issue remained unresolved.

14.     Plaintiff also experienced login issues and software lag, causing significant delays and interruptions during the exam.

15.     The layout of the software was defective, requiring Plaintiff to scroll up to read the question and then scroll back down to type her response, imposing an unnecessary burden on test-takers and further slowing down the completion of the bar exam. For example, the performance test prompt opened in a separate window, which forced the Plaintiff to memorize the content of the prompt due to only being able to view one window at a time.

16.     As a result of these defects, Plaintiff was forced to spend additional time navigating software malfunctions rather than focusing on answering exam questions, putting her at a significant disadvantage compared to test-takers who did not experience these issues.

17.     Plaintiff's exam was not rescheduled to accommodate these issues. Instead, the California Bar stated it would conduct a "statistical analysis" to determine how the software failures impacted scores. As of the filing of this Complaint, the California Bar has not indicated whether there will be a delay in score releases, leaving Plaintiff in a state of uncertainty.

18.     Plaintiff does not have a job lined up and must now wait until May for her results. If she does not pass due to Defendant's software failures, she will be required to retake the exam in July.

/ / /

19. Plaintiff will incur additional out-of-pocket expenses, including but not limited to hotel accommodations, travel expenses, and the cost of study materials in preparation for a retake.

20. Prior to the February exam, the California Bar preemptively offered all test-takers a waiver to retake the exam in July at no cost, signaling prior knowledge that technical failures were expected to impact test performance. Individuals reportedly withdrew from the February exam and registered for the July exam instead to avoid potential software malfunctions. However, Plaintiff did not have the same opportunity, as she only became fully aware of the software defects during the exam itself.

21. Defendant's failure to provide a functional and reliable exam platform caused Plaintiff to suffer significant harm, including stress, financial burden, and an unfair disadvantage in a high-stakes licensing exam.

**Defendant**

22. Defendant ProctorU, Inc. d/b/a Meazure Learning is a Delaware corporation with a principal place of business at 7901 Jones Branch Drive, Suite 330, McLean, VA 22012. Defendant also maintains a California office located at 3687 Old Santa Rita Road, Suite 202, Pleasanton, CA 94588.

23. Defendant was responsible for providing the remote proctoring and exam delivery platform used in the administration of the February 2025 California Bar Exam.

## FACTUAL ALLEGATIONS

24. The California Bar Exam is a high-stakes, two-day examination required for individuals seeking admission to the California State Bar. It is considered one of the most challenging bar exams in the country.

25. The February 2025 exam introduced a new format as a cost-cutting measure, replacing the Multistate Bar Examination with a proprietary test developed by Kaplan Exam Services. The State Bar projected this change would save up to $3.8 million annually.

/ / /

/ / /

26. The exam was administered in two formats: in-person at testing centers and remotely via Defendant's online proctoring system, which test-takers were required to use if they opted for the remote format. There was no alternative.

27. Defendant's platform was not properly tested before the exam. The mock exams conducted in January 2025 had already revealed severe technical failures, including system crashes, inability to log in, and errors in saving responses. Defendant was aware of these issues but proceeded with the exam rollout regardless.

28. On February 25 and 26, 2025, thousands of test-takers experienced severe disruptions that significantly hindered their ability to complete the exam under fair and standardized conditions. Specific issues included:

   a. Login failures that prevented candidates from starting the exam.
   b. Repeated crashes that forced test-takers to restart their exams multiple times.
   c. Severe lagging that prevented typing responses efficiently.
   d. Inability to copy and paste portions of test questions into the answer field, despite being told this would be possible.
   e. Connectivity issues that caused test-takers to lose unsaved work.
   f. Lack of technical support, leaving many test-takers stranded without solutions.

29. Some test-takers were unable to complete the exam at all, while others were forced to take it under extreme stress, resulting in poor performance, and yet others were only able to complete a portion of the exam, all but guaranteeing a failure.

30. Despite immediate complaints, Defendant provided no immediate remedies, leaving test-takers without any recourse during the exam.

31. Reports from social media platforms and news sources indicate that this was not an isolated incident. Test-takers described panic attacks, extreme distress, and frustration over the lack of accountability by Defendant and the State Bar.

32. Defendant's offer of a retake in March 2025 is not an adequate remedy, as it does not compensate for lost job opportunities, additional financial burdens, and the emotional toll suffered by test-takers.

**CLASS ACTION COMPLAINT**

33. The State Bar's public apology acknowledged "significant technical failures," but Defendant has failed to take full responsibility for the damages caused.

## CLASS ACTION ALLEGATIONS

34. This matter is brought by Plaintiff on behalf of herself and those similarly situated, under Rule 23 of the Federal Rules of Civil Procedure. Because Defendant's conduct was uniformly designed and implemented throughout the United States and uniformly impacted and injured its users, Plaintiff seeks certification of nationwide classes under Rule 23(b)(3) and 23(b)(2).

35. The classes that Plaintiff seeks to represent are defined as follows: All persons in the California who paid Defendant to use its software for the February 2025 bar exam.

36. **Numerosity/Impracticability of Joinder:** Class Members are so numerous and geographically dispersed that joinder of all members would be impractical. The proposed Classes likely contain tens of thousands of members, but it would require information solely in the possession of the Defendant to identify the Class(es). The Class members may be easily derived from Defendant's records.

37. **Commonality and Predominance:** There are common questions of law and fact that predominate over any questions affecting only individual Class Members. These common legal and factual questions include but are not limited to the following:

   a. Whether Defendant breached its contractual agreement with Plaintiff and the Class;

   b. Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class;

   c. Whether Defendant knew or should have known that its software was prone to failure; and

   d. Whether Defendant misrepresented the capacity or capabilities of its software to Plaintiff and the Class.

///

///

38. **Typicality:** Plaintiff's claims are typical of the claims of the Class Members because Plaintiff's claims arise out of the same wrongful conduct by Defendant as the Class Members.

39. **Adequacy:** Plaintiff is an adequate representative who will fully and adequately assert and protect the interests of the Class and has retained class counsel who are experienced and qualified in prosecuting class actions, including in the areas of consumer protection litigation.

40. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all Class Members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are likely in the millions of dollars, the individual damages incurred by each Class Member are much less. Individual Class Members do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all the parties and the court system because of multiple trials of the same factual and legal issues. Plaintiff do not anticipate any difficulty in managing this litigation.

41. **Notice:** Defendant has, or has access to, addresses, phone numbers, e-mail addresses, and other contact information for the Class Members, which may be used for the purpose of providing notice of the pendency of this action.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

42. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43. Plaintiff and the Class entered into a contract whereby they would pay Defendant money and Defendant agreed to provide a product that would allow them to reliably take the bar examination, and would also allow them to timely and reliably upload bar exam results.

44. Pursuant to the February 2025 Bar Exam FAQs, in order to use a laptop, examinees were required to pay a licensing software fee to use the Meazure Learning platform.

45. In exchange for the fee, Defendant agreed to provide access to its software, and explicitly stated that examinees would have access to, at minimum, the following features in the Meazure Learning platform:

> For the February bar exam, the MCQs and essay components will include a single-color highlighter, digital notepad, timer, spell check, copy-and-paste functionality (shortcuts such as Ctrl+C and Ctrl+V will be available), strikethrough functionality (limited to the question stem). Text from the question stem or fact pattern can be copied and pasted into the response field or the digital notepad. Text written in the digital notepad can also be copied and pasted into the response field.
>
> For the Performance Test, examinees will view and annotate the materials in a PDF. This viewer will provide:
> • A resource packet in a separate tab with features such as search functionality and bookmarks for easy navigation.
> • Single-color highlighter functionality.
> • Text annotation and comment features.
> • A tagging system to help organize notes.
> • The ability to copy and paste text from the materials into the response field.
> • Spell check.

46. Examinees were informed that they could contact Defendant immediately for assistance with technical issues.

47. Defendant materially breached its contracts with Plaintiff and the Class by failing to provide a product that allowed Plaintiff and the Class to reliably take the bar exam, including:

   a. Login failures that prevented candidates from starting the exam.

   b. Repeated crashes that forced test-takers to restart their exams multiple times.

   c. Severe lagging that prevented typing responses efficiently.

   d. Inability to copy and paste portions of test questions into the answer field, despite being told this would be possible.

   e. Connectivity issues that caused test-takers to lose unsaved work.

   f. Lack of technical support, leaving many test-takers stranded without solutions.

48. Plaintiff and Class members fully performed their contractual obligations by paying the required fee to Defendant to use its program.

49. As a direct and proximate result of Defendant's breach of contract, Plaintiff and Class members suffered harm in the form of monies paid. Plaintiff and the Class members did not receive the benefit of their bargain.

## COUNT II
## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

50. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

51. Plaintiff alleges this claim in the alternative to Plaintiff's breach of contract claim.

52. Plaintiff and members of the Class conferred a benefit on Defendant.

53. Defendant had knowledge that this benefit was conferred upon it.

54. Defendant has been unjustly enriched at the expense of Plaintiff and the Class members, and its retention of the amounts paid by Plaintiff and the Class members would be inequitable under the circumstances.

## COUNT III
## VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT
### Cal. Civ. Code § 1750, *et seq.*
### (On Behalf of Plaintiff and the Class)

55. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

56. Plaintiff and the members of the California Class are "consumers" as defined under the CLRA. *See* Cal. Civ. Code § 1761(d).

57. Defendant is a "person" as defined under the CLRA. *See* Cal. Civ. Code § 1761(c).

58. Defendant's software is a "good" as that term is defined under the CLRA. *See* Cal. Civ. Code § 1761(a).

///

59. The CLRA proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

60. Defendant engaged in unfair and deceptive acts in violation of the CLRA by the practices described above and by knowingly and intentionally concealing from Plaintiff and the Class members that the Defendant's software was unstable, full of software bugs, and ultimately unsuitable to use in connection with the bar exam. Defendant's conduct violated at least the following enumerated CLRA provisions:

   a. That the software had characteristics, uses, or benefits that it does not have, which is in violation of section 1770(a)(5);
   b. that the software was of a particular standard, quality, or grade when, in fact, they are not, which is in violation of section 1770(a)(7);
   c. advertising the software with the intent not to sell it as advertised, which is in violation of section 1770(a)(9); and
   d. that the software has been supplied in accordance with a previous representation when they have not, which is in violation of section 1770(a)(16).

61. Defendant's unfair or deceptive acts or practices occurred repeatedly in its trade or business and were capable of deceiving a substantial portion of the public.

62. The facts that Defendant misrepresented to and concealed from Plaintiff and the other Class members are material because a reasonable consumer would have considered them to be important in deciding whether to pay for Defendant's software, pay a lesser price, or simply to handwrite the exam.

63. In failing to disclose the problems with its software, Defendant has knowingly and intentionally concealed material facts in breach of its duty to disclose.

64. As a direct and proximate result of Defendant's unfair and deceptive conduct, Plaintiff and the Class members have been harmed.

65. Pursuant to Cal. Civ. Code § 1782(a), Plaintiff sent a letter to Defendant notifying it of its CLRA violations and providing it with an opportunity to correct its business

practices. Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including for actual, restitutionary, and punitive damages under the CLRA after the 30-day notice period expires.

66. Pursuant to Cal. Civ. Code § 1780(a), Plaintiff, individually and on behalf of the Class, seeks injunctive relief for Defendant's violations of the CLRA.

67. Additionally, pursuant to Cal. Civ. Code §§ 1780 and 1781, Plaintiff, individually and on behalf of the Class, seeks compensatory and punitive damages under the CLRA and to recover their attorneys' fees and costs.

68. Plaintiff's CLRA venue declaration is attached as an exhibit to this complaint in accordance with Cal. Civ. Code § 1780(d).

## COUNT IV
## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code § 17200, *et seq.*
### (On Behalf of Plaintiff and the Class)

69. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

70. The UCL proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Defendant's conduct violates each of these prohibitions.

### Unlawful Conduct

71. Defendant's conduct is unlawful, in violation of the UCL, because, as set forth herein, it violates the CLRA.

### Unfair Conduct

72. Defendant has acted in an immoral, unethical, oppressive, and unscrupulous manner, in at least the following respects:

   a. Requiring Plaintiff and the Class pay a fee to use Defendant's defective software that Defendant knew was prone to fail for its intended use;

   b. Failing to disclose that Defendant's software was defective and prone to fail for its intended use;

12
**CLASS ACTION COMPLAINT**

c.  Failing to exercise adequate quality control and due diligence over the creation and maintenance of the software before releasing it for use by Plaintiff and the Class; and

d.  Failing to ensure adequate technical support resources were available during the bar examination to allow Plaintiff and the Class to quickly and efficiently resolve any issues with Defendant's software.

73. The gravity of the harm resulting from Defendant's unfair conduct outweighs any potential utility of the conduct. The practice of selling defective software products harms the public at large and is part of a common and uniform course of wrongful conduct.

74. There are reasonably available alternatives that would further Defendant's business interests of increasing sales. For example, Defendant could have: (a) acknowledged the shortcomings of its software and provided a permanent, effective fix for it prior to the bar examination; and/or (b) disclosed the issues with the software prior to Plaintiff and the Class taking the bar examination.

75. The harm from Defendant's unfair conduct was not reasonably avoidable by consumers. Defendant's software suffers from numerous issues that Defendant failed to disclose. Plaintiff and the Class members did not know of, and had no reasonable means of discovering, the issues with Defendant's software prior to the bar examination.

### Fraudulent Conduct

76. Defendant's conduct is fraudulent in violation of the UCL. Defendant's fraudulent acts include knowingly and intentionally concealing from Plaintiff and the Class members the existence of the defects and shortcomings in its software and falsely marketing and misrepresenting the software as being functional for use in a test-taking environment, like the bar examination.

77. Defendant's misrepresentations and omissions alleged herein caused Plaintiff and the Class members to pay for Defendant's software, or pay more than they would have had Defendant disclosed the issues with the software.

///

78. At all relevant times, Defendant had a duty to disclose the defects and shortcomings with its software because it had superior and exclusive knowledge of them.

79. Accordingly, Plaintiff and Class members have suffered injury in fact, including lost money or property, as a result of Defendant's unlawful, unfair, and fraudulent acts. Absent these acts, Plaintiff and Class members would not have purchased Defendant's software at the prices they paid or would not have purchased it at all.

80. Plaintiff seeks appropriate relief under the UCL, including such orders as may be necessary: (a) to enjoin Defendant from continuing its unlawful, unfair, and fraudulent acts or practices, and (b) to restore Plaintiff and Class members any money Defendant acquired by its unfair competition, including restitution. Plaintiff also seeks reasonable attorneys' fees and expenses under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, respectfully requests that this Court:

 A. determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

 B. appoint Plaintiff as the representative of the Class and her counsel as Class Counsel;

 C. award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and the Class members are entitled;

 D. award pre-judgment and post-judgment interest on such monetary relief;

 E. issue an order enjoining Defendant from administering the bar exam using its software;

 F. award reasonable attorney's fees and costs; and

 G. grant such further relief that this Court deems appropriate.

Dated: March 3, 2025     NYE, STIRLING, HALE, MILLER & SWEET, LLP

By: /s/ *Alison M. Bernal*

Alison M. Bernal, Esq. (SBN 264629)
alison@nshmlaw.com
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Joseph G. Sauder (*pro hac vice* forthcoming)
jgs@sstriallawyers.com
Joseph B. Kenney (*pro hac vice* forthcoming)
jbk@sstriallawyers.com
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Facsimile: (610) 421-1326

*Attorneys for Plaintiff and the Proposed Classes*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims so triable.

Dated: March 3, 2025     NYE, STIRLING, HALE, MILLER & SWEET, LLP

By:  */s/ Alison M. Bernal*

Alison M. Bernal, Esq. (SBN 264629)
alison@nshmlaw.com
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Joseph G. Sauder (*pro hac vice* forthcoming)
jgs@sstriallawyers.com
Joseph B. Kenney (*pro hac vice* forthcoming)
jbk@sstriallawyers.com
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Facsimile: (610) 421-1326

*Attorneys for Plaintiff and the Proposed Classes*

**CLASS ACTION COMPLAINT**